_____

Nos. 95-3085EA, 95-3086EA, 95-3189EA, 95-3206EA
_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *
  v.                                *  On Appeal from the United
                                    *  States District Court for
                                    *  the Eastern District of
Ben Nouglas Deanda, Edward          *  Arkansas.
Contrell Sample, Edmond Clyde       *
Sample, and Jerome Edward Wiley,*
                                    *
          Appellants.               *

                      _____

              Submitted:  January 9, 1996

                 Filed:  January 16, 1996
                      _____

Before RICHARD S. ARNOLD, Chief Judge, BOWMAN, Circuit Judge, and
     JONES,[*] District Judge.

RICHARD S. ARNOLD, Chief Judge.

     The appellants, Ben Nouglas Deanda, Edward Contrell Sample, Edmond Clyde Sample, and Jerome Edward Wiley, all entered conditional pleas of guilty to drug offenses.  On this appeal, they challenge the decision of the District Court[1] to deny their motion to suppress evidence.

_____

     [*]The Hon. John B. Jones, United States District Judge for the District of South Dakota, sitting by designation.

     [1]The Hon. Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

In the main, the appeal presents only issues of fact. The District Court decided that the appellant Wiley voluntarily opened the door of his house to officers, and thereafter voluntarily consented to the search of his house. These findings were based on the District Court's determination that the testimony of the officers was more credible than that of the defendants. The findings are not clearly erroneous. Nor was any error of law committed. The officers, acting on an anonymous tip, knocked on Wiley's door and asked to come in. Wiley willingly let them in. The officers did not enter with a display of force or otherwise in a coercive manner. They did not demand or obtain entry under authority of law. They simply knocked on the door and were let in. The evidence at issue was thereafter observed either in plain view or as a result of Wiley's consent to search the entire house.

Affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.